GULAGER VS SPLITNOSE.

Opinion delivered October 6, 1900.

*1.  Action for Money Received for Another—Directing Verdict—Evidence.*

> In an action against defendant for money had and received by
> him, belonging to plaintiff, it appeared that defendant had,
> without any evidence of authority therefor, collected a considerable sum of money belonging to plaintiff, and paid $150.00 of
> it to an attorney upon some representation that the money was
> to go to a client of the attorney who, the record discloses, both
> defendant and said attorney knew was not entitled to it, it was
> proper for the court to direct a verdict for the plaintiff, since
> a contrary verdict would have necessarily been set aside as contrary to the evidence.  Citing Railway Co. vs Driggers, 1 Ind.
> Ter. 412.

Appeal from the United States Court for the Northern District.

JOHN R. THOMAS, Judge.

Action by Nan Splitnose against W. M. Gulager. Judgment in favor of plaintiff. Defendant appeals. Affirmed.

The plaintiff brought this suit against the defendant July 24, 1899, and alleges in her complaint that it is for money received by defendant from the treasurer of the Cherokee Nation, belonging to plaintiff, and alleges the balance due is $249.70, with interest from August 15, 1896, and that, although often requested to pay said money to plaintiff, defendant has failed and refused to do so, and asks for judgment.  The defendant filed his answer September 12, 1899, and admits that he received the money as alleged by plain-

tiff, "but alleges that he has settled with the plaintiff in full, and states that he is not indebted to the plaintiff in any sum." The case was tried to a jury September 18, 1899, and, having heard the testimony, the plaintiff moved the court to instruct the jury to return a verdict for the plaintiff, which motion was allowed by the court. Defendant excepted. Whereupon the jury returned a verdict for plaintiff. The defendant filed his motion for new trial, which was overruled by the court, and judgment entered upon the verdict. Defendant prayed an appeal to this court.

*W. W. Hastings* and *Hutchings & West*, for appellant.

*N. B. Maxey* and *Benj. Martin, Jr.*, for appellee.

TOWNSEND, J. The appellant has filed four specifications of error, as follows: "First. The court erred in directing the jury to return a verdict for the plaintiff. Second. The court erred in refusing to set aside the verdict herein because the same was contrary to law. Third. The court erred in refusing to set aside the verdict herein because the same was contrary to the evidence. Fourth. The court erred in overruling defendant's motion for a new trial, and entering judgment for plaintiff." If the court below was right in directing a verdict, this case should be affirmed; otherwise, it should be reversed. The rule in this jurisdiction is laid down in Railway Co. vs Driggers, 1 Ind. Ter. 412. The court should direct a verdict where a different verdict would be set aside as contrary to the evidence. The court, in directing a verdict, necessarily passed upon the evidence; and we have examined the evidence in the record carefully, to determine whether the court was justified in directing a verdict and rendering judgment upon the same. The conclusion we have reached is that the defendant took advantage of an ignorant, full-blood Cherokee girl, to first

get possession of $265.70 that she was entitled to receive from the treasurer of the Cherokee Nation; and, while defendant admits he received the money, the order, if any ever existed, upon which defendant claims the money was paid, could not be produced; neither was any order or authority shown from the plaintiff authorizing or directing the payment of the money to any one. He claims he paid $150 of the money to one Sevier, upon some understanding or representation that it was to go to a person who, the record discloses, both defendant and Sevier knew was not entitled to draw any money. We think the court was justified in directing a verdict and rendering judgment upon the same, and that by doing so substantial justice has been done. Therefore the judgment of the court below is affirmed.

CLAYTON, C. J., and GILL, J., concur.